# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2985
_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Martez Hoover

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: April 13, 2026
Filed: July 23, 2026
[Unpublished]
_____

Before KELLY, ARNOLD, and KOBES, Circuit Judges.
_____

PER CURIAM.

Christopher Martez Hoover pleaded guilty to one count of being a prohibited person in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and (g)(3),

and § 924(a)(8). The district court[1] imposed a 93-month term of imprisonment. Hoover appeals, arguing his sentence is substantively unreasonable.

## I.

Over the course of approximately five weeks in 2023, Ladonna Henderson bought eight firearms from retail stores. On the ATF Firearms Transaction Record forms, she falsely stated that she was the actual purchaser. In fact, Hoover was the actual purchaser of each firearm. A few days later, Henderson attempted to buy a ninth gun, but the store employee declined to sell it to her after noticing that Hoover was the one handling the gun and asking the questions about it. Henderson later told law enforcement that Hoover asked her to purchase the firearms and that he would resell them for money. Four of the purchased firearms were later recovered by law enforcement, each one in the possession of a person prohibited from possessing firearms.

Three days after the attempted firearm purchase, law enforcement executed a search warrant at Henderson's residence—where Hoover frequently stayed overnight—and found a tenth firearm. They also found cocaine, marijuana, and K2. Two months after the search, Hoover was pulled over in a traffic stop, and officers found another firearm underneath the driver's seat.

Hoover was indicted on one count of being a prohibited person in possession of a firearm. He pleaded guilty, and a Presentence Investigation Report (PSR) was prepared. Both Hoover and the government filed objections to the calculation of the advisory Guidelines range as recommended in the PSR. Before sentencing, however, the parties reached an agreement: They withdrew their objections, stipulated to the applicable Guidelines range, and agreed to argue for a sentence within that range. The district court accepted the agreement, resulting in a range of 84 to 105 months.

---

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

The court imposed a sentence of 93 months of imprisonment and 3 years of supervised release.

## II.

On appeal, Hoover asserts his 93-month sentence is substantively unreasonable. "We review challenges to the substantive reasonableness of a sentence for abuse of discretion." United States v. Black, 129 F.4th 508, 513 (8th Cir. 2025) (citing United States v. Maluoth, 121 F.4th 1158, 1163 (8th Cir. 2024)). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. (quoting United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)).

According to Hoover, the district court failed to give sufficient consideration to a key reason he possessed the firearms: He had recently been shot, remained in danger, and needed to protect himself and his family. Hoover also contends the court should have given more weight to his difficult childhood and his proven ability, despite his criminal history, "to comport his behavior to what is expected of him."

The district court considered each of these relevant factors. The court addressed the shooting and Hoover's need for protection but, in context, did not view them as mitigating factors. Even if Hoover needed to protect himself, the court noted, he had also "supplied" others with firearms, at least some of whom were prohibited from lawfully possessing firearms themselves. And he recruited Henderson to make the straw purchases, which in turn exposed her to criminal liability. Moreover, when he spoke with law enforcement, Hoover did not explain that he needed protection. Instead, he lied and said he was not involved in purchasing firearms at all. As to his upbringing, the district court agreed that it was "dysfunctional and difficult." The court also recognized Hoover had shown he could be a law-abiding citizen. The court then weighed these factors, among others, against the serious nature of the offense

-3-

conduct and imposed a sentence in the middle of the agreed-upon range. On this record, we discern no abuse of discretion.

The judgment of the district court is affirmed.

_____